## UNITED STATES DISTRICT COURT
## FOR THE DISTRICT OF RHODE ISLAND

DANIELLE DICRISTOFORO and )
ROBERT DICRISTOFORO, )
    Plaintiffs, )
)
v. )
)
FERTILITY SOLUTIONS, P.C.; )    C.A. No. 20-456-JJM-PAS
ANIA KOWALIK, M.D.; )
CAROL ANANIA, M.D.; )
JOHN and/or JANE DOE, M.D., Alias; )
and JOHN DOE CORPORATION, )
Alias, )
    Defendants. )
)

## MEMORANDUM AND ORDER

JOHN J. MCCONNELL, JR., Chief United States District Judge.

Danielle DiCristoforo and Robert DiCristoforo ("the DiCristoforo's") have sued Fertility Solutions, P.C. and its employees Ania Kowalik, M.D. and Carol Anania, M.D. (collectively "Fertility Solutions"), alleging that Fertility Solutions is the direct and proximate cause of Ms. DiCristoforo's injuries, arising from its treatment of her pregnancy with the medication methotrexate. The DiCristoforo's allege that Dr. Anania failed to exercise her duty of care, failed to properly diagnose, failed to render adequate treatment to Ms. DiCristoforo, and was otherwise negligent in her diagnosis, treatment, and care of her. Dr. Anania moves to dismiss the claims against her under the Federal Rules of Civil Procedure Rule 12(b)(6). ECF No. 16. For the reasons discussed below, the Court DENIES Dr. Anania's motion.

## I. FACTS ALLEGED

Ms. DiCristoforo sought fertility treatment at Fertility Solutions. ECF No. 1 at 2, ¶ 10. While a patient there, Ms. DiCristoforo was treated by Drs. Kowalik and Anania, along with other staff. *Id.* at 2, ¶ 11.

Ms. DiCristoforo met with Dr. Kowalik after a positive pregnancy test and underwent an ultrasound imaging procedure. *Id.* at 3, ¶ 12. Based on the ultrasound and lab work that showed a rise in hCG levels, Dr. Kowalik advised the DiCristoforo's that Ms. DiCristoforo possibly had an ectopic pregnancy, which would require further testing. *Id.* A few days later, Dr. Kowalik saw Ms. DiCristoforo again, and advised her that her pregnancy was not progressing, was presumed to be a nonviable ectopic pregnancy, and advised her of a medication known as methotrexate to terminate the pregnancy. Dr. Kowalik scheduled a methotrexate administration appointment for Ms. DiCristoforo. *Id.* at 3, ¶ 13.

The next day, Dr. Anania, a reproductive endocrinologist and obstetrician and gynecologist, administered a dose of methotrexate to Ms. DiCristoforo. *Id.* at 3, ¶ 14. Ms. DiCristoforo asserts that Dr. Anania never informed her about the risks associated with methotrexate. *Id.* at 16, ¶ 3. Three days later, Ms. DiCristoforo called Fertility Solutions, complaining of persistent abdominal discomfort. She was told to go to the Women and Infants Hospital emergency room. *Id.* at 3, ¶ 15.

At Women and Infants Hospital, it was determined that Ms. DiCristoforo had a viable intrauterine pregnancy, not a nonviable ectopic pregnancy. *Id.* at 3, ¶ 16. She was told that it was unlikely that her pregnancy would proceed because of the

methotrexate, but that if it did, continuation of the pregnancy was inadvisable because of the teratogenic effects of methotrexate. *Id.* As a result, Ms. DiCristoforo underwent a procedure to terminate her pregnancy due to methotrexate exposure. *Id.* at 4, ¶ 17. She is now unable to bear any children due to a radical hysterectomy performed for Stage IV endometriosis. *Id.*

## II. STANDARD OF REVIEW

Federal Rule of Civil Procedure (12)(b)(6) tests the plausibility of the claims presented in a plaintiff's complaint. "To avoid dismissal, a complaint must provide 'a short and plain statement of the claim showing that the pleader is entitled to relief.'" *García-Catalán v. United States*, 734 F.3d 100, 102 (1st Cir. 2013) (citing Fed. R. Civ. P. 8(a)(2)). At this stage, "the plaintiff need not demonstrate that she is likely to prevail, but her claim must suggest 'more than a sheer possibility that a defendant has acted unlawfully.'" *Id.* at 102-03 (quoting *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009)). The "complaint must contain sufficient factual matter, accepted as true, to 'state a claim to relief that is plausible on its face.'" *Iqbal*, 556 U.S. at 678 (quoting *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 570 (2007)).

"The plausibility inquiry necessitates a two-step pavane." *García-Catalán*, 734 F.3d at 103. "First, the court must distinguish 'the complaint's factual allegations (which must be accepted as true) from its conclusory legal allegations (which need not be credited).'" *Id.* (quoting *Morales-Cruz v. Univ. of P.R.*, 676n F.3d 220, 224 (1st Cir. 2012)). "Second, the court must determine whether the factual allegations are sufficient to support 'the reasonable inference that the defendant is liable for the

misconduct alleged.'" *Id.* (quoting *Haley v. City of Boston*, 657 F.3d 39, 46 (1st Cir. 2011)). "In determining whether a complaint crosses the plausibility threshold, 'the reviewing court [must] draw on its judicial experience and common sense.'" *Id.* (quoting *Iqbal*, 556 U.S. at 679).

## III. DISCUSSION

Dr. Anania seeks dismissal of the three counts (Counts VIII, IX, and X) brought against her.[1] ECF No. 16. The Court addresses them in turn.

### A.    Count VIII: Negligence

Count VIII alleges that Dr. Anania was negligent in discharging her duty as a physician in the field of obstetrics and gynecology and failed to exercise the requisite degree of diligence and skill by failing to properly diagnose and/or failing to render proper treatment to Ms. DiCristoforo. ECF No. 1 at 15, ¶ 4. Dr. Anania argues that the DiCristoforo's have failed to plead sufficient facts to make plausible that Dr. Anania breached her duty when she administered methotrexate to Ms. DiCristoforo. ECF No. 16 at 9. Dr. Anania also advocates dismissal because Ms. DiCristoforo bases her negligence claim on a higher standard of care than as a practitioner in Rhode Island that provides non-surgical abortion services.

Under Rhode Island law,[2] a negligence claim requires a plaintiff to plead four separate elements: "a legally cognizable duty owed by a defendant to a plaintiff, a

---

[1] Defendants Ania Kowalik and Fertility Solutions, P.C. have not moved to dismiss the complaint.

[2] The law of the forum state governs a complaint in a diversity action, such as this one. *Taylor v. Aetna Cas. & Sur. Co.*, 867 F.2d 705, 706 (1st Cir. 1989). Dr. Anania does not contest that Rhode Island law applies to this matter.

breach of that duty, proximate causation between the conduct and the resulting injury, and the actual loss or damage." *Hall v. City of Newport*, 138 A.3d 814, 819 (R.I. 2016) (quoting *Wyso v. Full Moon Tide, LLC*, 78 A.3d 747, 750 (R.I. 2013)).

Ms. DiCristoforo alleges in her Complaint that Dr. Anania is a physician, that she administered a medication designed to terminate a nonviable pregnancy, Ms. DiCristoforo's pregnancy was in fact viable, and the medication caused her health complications. It is plausible on its face that as Ms. DiCristoforo alleges, Dr. Anania should not have administered the medication to an individual who held a viable pregnancy. Therefore, the Court finds that Ms. DiCristoforo has met the Fed. R. Civ. P. 12(b)(6) standard on this claim.

As to Dr. Anania's second point advocating that Ms. DiCristoforo argues for a heightened standard of care, a motion to dismiss is not the proper forum for Dr. Anania to make this argument. Under Rhode Island law, expert testimony is necessary to establish the standard of care applicable to Dr. Anania and to establish any deviation from that standard of care. *Foley v. St. Joseph Health Servs. of Rhode Island*, 899 A.2d 1271, 1277 (R.I. 2006); *Boccasile v. Cajun Music Ltd.*, 694 A.2d 686, 690 (R.I. 1997) (requiring "expert testimony * * * to establish deviation from the standard of care when the lack of care is not so evident as to be obvious to a lay person."). Medical negligence is proven at trial by comparing like to like, inquiring into whether a defendant exercised "the same degree of diligence and skill as physicians in good standing engaged in the same type of practice" under similar circumstances. *Schenk v. Roger Williams Gen. Hosp.*, 382 A.2d 514, 517 (R.I. 1977).

Which standard of care applies to Dr. Anania's conduct is more appropriately decided at trial with the assistance of expert testimony.

The Court finds that Ms. DiCristoforo's complaint alleges sufficient plausible facts for a rational fact finder to determine whether Dr. Anania was negligent in her administration of methotrexate. As a result, Count VIII of Ms. DiCristoforo's complaint withstands Dr. Anania's motion to dismiss.

### B.    Count IX: Lack of Informed Consent

Count IX alleges that Dr. Anania disregarded her duty of care when she failed to inform Ms. DiCristoforo of the risks associated with methotrexate and administered the medication without obtaining her informed consent. ECF No. 1 at 16, ¶ 3. Dr. Anania argues that the Court should dismiss this Count because it was Dr. Kowalik's alleged misdiagnosis, not Dr. Anania's administration of methotrexate, that proximately caused Ms. DiCristoforo's injuries. ECF No. 16 at 9. Dr. Anania also argues that Ms. DiCristoforo does not allege that she would have refused the methotrexate even if she had been aware of the risks. *Id.*

To withstand a defendant's motion to dismiss, the plaintiff need only plead a "short and plain claim to relief that is plausible on its face." *Iqbal,* 556 U.S. at 678 (quoting *Twombly,* 550 U.S. at 570). Elements of a lack of informed consent claim mirror those of a negligence[3] claim. 70 CJS, Physicians and Surgeons § 145.

---

[3] Again, a motion to dismiss is not the proper vehicle to address the competency and sufficiency of evidence such as Dr. Ananias' respective duty of care and any alleged deviation from it, which may have proximately caused the DiCristoforo's injuries. *Foley,* 899 A.2d at 1277 (quoting *Boccasile,* 694 A.2d at 690).

Ms. DiCristoforo alleges that if Dr. Anania had informed her of the risks of harm associated with methotrexate treatment, she would have never consented to the course of treatment. ECF No. 1 at 17, ¶ 4. She also alleges that as a direct and proximate result of Dr. Anania's failure to provide informed consent, she was damaged. *Id.* at 17, ¶ 5. These allegations contain sufficient plausible facts for a rational fact finder to determine that Dr. Anania's alleged failure to inform Ms. DiCristoforo about the risks of harm known to the course of treatment by methotrexate caused her injuries. As a result, Ms. DiCristoforo's complaint withstands Dr. Anania's motion to dismiss.

### C.   Count X: Negligent Infliction of Emotional Distress ("NIED")

Ms. DiCristoforo alleges that she suffers from severe emotional pain and distress, which has caused physical symptoms, caused by Dr. Anania's negligent treatment. ECF No. 1 at 19, ¶ 7. Dr. Anania argues that the Court should dismiss this Count because there are no facts in Ms. DiCristoforo's complaint that could satisfy the element that she was placed in a zone of physical danger because of Dr. Anania's administration of methotrexate. ECF No. 16 at 11.

To succeed on a NIED claim, the Rhode Island Supreme Court follows the Restatement (2nd) of Torts, § 313, including the "zone of physical danger" rule. *See Champlin v. Washington Tr. Co. of Westerly*, 478 A.2d 985, 990 (R.I. 1984). Section 313 states:

> (1): If the actor unintentionally causes emotional distress to another, she is subject to liability to the other for resulting illness or bodily harm if the actor,

(a) should have realized that her conduct involved an unreasonable risk of causing the distress, otherwise than by knowledge of the harm or peril of a third person, and
(b) from facts known to him should have realized that the distress if it were caused, might result in illness or bodily harm.

Restatement (2nd) of Torts, § 313.  Rhode Island law requires the defendant to be negligent and the plaintiff to have been in a "zone of physical danger" or that she be a bystander who witnessed a close relative being injured. *Gross v. Pare*, 185 A.3d 1242, 1244 (R.I. 2018); *Marchetti v. Parsons*, 638 A.2d 1047, 1049 (R.I. 1994).

Ms. DiCristoforo pleads in her complaint that Dr. Anania's alleged negligent administration of methotrexate caused Ms. DiCristoforo to undergo a procedure to terminate her pregnancy, which caused her to suffer from extreme emotional distress, ultimately causing physical injury. ECF No. 1 at 19, ¶ 7.  Moreover, Ms. DiCristoforo describes injuries to her mind, body, nerves, and nervous system, rendering her unable to perform her usual activities. *Id.* at 17, ¶ 6.  Accepting the facts as true, as the Court must, Ms. DiCristoforo's allegations are enough to support the reasonable inference that Dr. Anania's alleged negligent administration of methotrexate, caused Ms. DiCristoforo to suffer from physical pain through severe emotional distress. *See García-Catalán*, 734 F.3d at 102 (1st Cir. 2013); *Morales-Cruz*, 676 F.3d at 224; *see also Haley*, 657 F.3d at 46.  As a result, Ms. DiCristoforo's complaint withstands Dr. Anania's motion to dismiss.

## IV. CONCLUSION

Because the DiCristoforo's have sufficiently alleged plausible facts supporting viable causes of action against Dr. Anania, the Court DENIES Defendant Carol Anania M.D.'s Motion to Dismiss.  ECF No. 16.

IT IS SO ORDERED.

_____

John J. McConnell, Jr.
Chief Judge
United States District Court

February 22, 2021

9